**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
LEZZIE KEMP,

        Plaintiff,      **24-cv-02010-VF**

   -against-           __ORDER__

CVS PHARMACY INC. and CVS ALBANY, LLC.

        Defendants.
----------------------------------------------------------------X
CVS PHARMACY INC. and CVS ALBANY, LLC,

       Third-Party Plaintiffs,

   -against-

CROSSMARK, INC.

       Third-Party Defendant.
----------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge**

   On August 28, 2024, Defendant CVS Pharmacy, Inc. and CVS Albany, LLC (collectively "Defendants") requested a conference with the Court to discuss a protective order. See ECF No. 24. The Court held a conference on September 19, 2024. Plaintiff Lezzie Kemp ("Plaintiff") indicated that she opposed the entry of any protective order. Defendants request that one be entered before the exchange of discovery materials.

   The entry of a confidentiality order, as one case described it, is "routine." DeCarlo v. Archie Comic Publications, Inc., 2000 WL 781863, at *1 (S.D.N.Y. June 20, 2000). Indeed, many judges of this Court provide litigants with "model protective orders" in their individual rules. The entry of a protective order can serve to "minimize the involvement of the Court and the parties in unproductive and time consuming disputes about the existence of good cause for

protecting individual documents and avoid the litigation of such questions in the abstract." Id. at 1. To be sure, the public has a presumption of access to judicial documents under both the common law and the First Amendment, Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006), but that presumption does not apply to "discovery materials," United States v. Smith, 985 F. Supp. 2d 506, 519 (S.D.N.Y. 2013). Consequently, "[w]hile protective orders related to judicial documents and criminal proceedings are subject to constitutional and common law scrutiny, protective orders related to discovery are not." Id.

Accordingly, because a confidentiality order will assist in the administration of this case and the resolution of disputes between the parties, the Court will separately enter an order in a form commonly used in this district. The order will permit either party to designate as confidential material believed in good faith properly to be protectible. Whether any document is ultimately properly designated as confidential is best left to a consideration of that specific document or categories of documents. Abiding by the provisions of a confidentiality order is the normal way that this process is effectuated. Indeed, any challenge to a designation of confidential material can only be knowingly made once a party sees the document at issue. Both parties must keep the documents confidential until this process is completed, as will be outlined in the Confidentiality Order to be entered by the Court.

**SO ORDERED.**

DATED:      New York, New York
            October 3, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge

2