**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
LEZZIE KEMP,

                              Plaintiff,                      24-cv-02010-VF

           -against-                             **CONFIDENTIALITY**
                                                                  **ORDER**

CVS PHARMACY INC. and CVS ALBANY, LLC.

                              Defendants.
------------------------------------------------------------------X
CVS PHARMACY INC. and CVS ALBANY, LLC,

                         Third-Party Plaintiffs,

           -against-

CROSSMARK, INC.

                         Third-Party Defendant.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

      The Court having found that good cause exists for the issuance of a Confidentiality Order to govern information protectible by Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with discovery in this action:

      1.  Any party may designate any document or information, in whole or in part, as confidential if such designation is necessary to protect information that is proprietary, a trade secret, or other non-public information that the party believes in good faith is appropriately subject to a protective order pursuant to the law governing protective orders under Fed. R. Civ. P. 26(c). Information and documents designated by a party as confidential shall be stamped "CONFIDENTIAL" or otherwise clearly indicated to be "CONFIDENTIAL." Deposition

testimony may be designated by orally stating at a deposition that material is confidential and marking pages of any transcript of a deposition as "CONFIDENTIAL" or such material may be designated by marking pages "CONFIDENTIAL" after the deposition is transcribed.

2.  The Confidential Information identified pursuant to paragraph 1 may be used by the person receiving such information only in connection with the litigation of this action. Confidential Information shall not be publicly disclosed to any person or in any Court filing unless an Order of the Court has been obtained permitting such disclosure. This provision does not prevent disclosure of the information to the Court in a sealed filing or other non-public submission. Also, this provision does not prevent disclosure to the employees, attorneys, and attorney staff of a party. Finally, this Order does not apply to information obtained by a party other than through production of discovery in this matter.

3.  In the event a party seeks to challenge another party's designation of Confidential Information, the parties shall confer in a good faith effort to resolve the dispute within 14 days of the production, unless this deadline is extended by written agreement of the parties. If no resolution is reached through the conference process, an application may be made to the Court to alter the designation in accordance with the Court's Individual Practices. Any such application shall be made within 7 days of the first conference between the parties, unless this deadline is extended by written agreement of the parties.

4.  No act required by this Confidentiality Order shall be deemed to constitute an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the relevance or admissibility of the Confidential Information.

5. If a party receiving Confidential Information seeks to disclose it to a potential expert witness, the parties shall attempt to agree on a supplemental Order permitting such disclosure. If no resolution is reached, an application may be made to the Court.

6. The disclosure by a producing party of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information at a later time. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Order.

7. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

8. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal if the Confidential information is necessary to an application seeking relief from the Court. If a party seeks to include Confidential Information in a court filing, the party shall first confer with the opposing party to see if agreement can be reached to allow the filing. If no agreement is reached, the parties shall make an application to the Court.

9. At the time a pretrial order is filed, the parties shall present to the Court any disagreements about the treatment of Confidential Information that may be offered at trial.

10. This Order remains in effect notwithstanding the termination of the litigation. At the conclusion of the litigation, Confidential Information and any copies thereof shall be returned to the producing party (or destroyed with proof provided to the producing party) no later than 30

days after entry of a final judgment no longer subject to further appeal, except that a party's attorneys shall be permitted to retain the information in their files on the condition that those files are not made public.

11. Nothing herein shall preclude the parties from disclosing material designated as Confidential Information if otherwise required by law or pursuant to a valid subpoena. Notice of any subpoena or legal requirement to produce shall be given to the producing party 7 days before any disclosure is due.

12. Nothing in this Order limits the producing party's own use of Confidential Information.

13. Nonparties producing information pursuant to subpoena may make designations pursuant to this Order.

**SO ORDERED.**

DATED:   New York, New York
         October 3, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge